UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JERRY FRITH,

                Plaintiff,              :      07 Civ. 5899 (JSR) (DF)

   -against-                               :      **REPORT AND RECOMMENDATION**

NEW YORK CITY POLICE DEPARTMENT,    :

                                                       :
                Defendant.
------------------------------------------------------------------X

**TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:**

On June 21, 2007, *pro se* plaintiff Jerry Frith ("Plaintiff") initiated this action by filing a motion for return of seized property, pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, in connection with his federal criminal proceeding, *United States v. Frith*, 02 Cr. 733 (JSR).[1] By Order dated July 2, 2007, the Honorable Jed S. Rakoff, U.S.D.J., directed the United States to respond to the motion. (Dkt. 3.) On July 23, 2007, Judge Rakoff referred this matter to me for general pre-trial supervision and to report and recommend as to dispositive motions. (Dkt. 5.) By letter dated August 7, 2007 (accompanied by an affirmation with exhibits), the federal government responded to Plaintiff's motion, arguing that it should be denied. (*See* Letter to the Court from Steven D. Feldman, Assistant United States Attorney, dated Aug. 7, 2007.) The letter also noted that Plaintiff's motion should be construed as a civil Complaint, as there were no pending criminal charges against Plaintiff. (*See id.* at 2.)

---

[1] Although Plaintiff cited Rule 41(e) as the applicable rule, the applicable rule is actually Rule 41(g). *See United States v. Gotti*, 244 F. Supp. 2d 120, 133 (E.D.N.Y. 2003) (explaining that Rule 41(e) was revised and relocated to Rule 41(g) in 2002).

In responding to the federal government's letter, Plaintiff apparently served a copy of his response on the New York Police Department ("NYPD"), which gave the NYPD notice of these proceedings and led its counsel to inform the Court that it intended to "move to dismiss" Plaintiff's claim seeking the return of property from the NYPD. (*See* Letter to the Court from Mary O'Sullivan, Esq., dated Oct. 31, 2007, at 2.) The NYPD then filed a motion to dismiss Plaintiff's "complaint" on February 12, 2008, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 8.) Plaintiff responded to the NYPD's motion by filing with the Court's *Pro Se* Office a "Motion to Amend or Leave to Amend and Memorandum of Law in Opposition to Defendant's Motion to Dismiss," in which he apparently sought to amend his "complaint" by naming individual defendants and possibly by adding additional claims and/or factual allegations. (*See* Plaintiff's submission to the Court dated Feb. 28, 2008.)

By Order dated February 29, 2008, Judge Rakoff directed the Clerk of the Court to deem Plaintiff's initial submission to the Court a civil "complaint." (*See* Order dated Feb. 29, 2008 (Dkt. 11).) More specifically, the Court's Order directed the Clerk of the Court to "alter the docket text associated with Court Document Number 2, which currently reads 'MOTION for Return of Seized Property,' to read 'Complaint (Motion for Return of Seized Property),' and to terminate the pending motion." (*Id.*) The Order noted that, "[u]nder the law of the Second Circuit, such motions should be treated as complaints." (*Id.* (citing *Onwubiko v. United States*, 969 F.2d 1392 (2d Cir. 1992); *Mora v. United States*, 955 F.2d 156, 158 (2d Cir. 1992).)

Given that Plaintiff's initial motion for the return of property has now been deemed a complaint, that the NYPD has not yet filed an answer, and that Plaintiff is entitled to amend his complaint once as of right prior to the service of a responsive pleading, *see* Fed. R. Civ. P.

15(a)(1)(A),[2] this Court has, by separate Order of today's date (a copy of which is attached hereto), granted Plaintiff's motion to amend his complaint. In light of that Order, I respectfully recommend that the Court deny the NYPD's motion to dismiss, without prejudice to refile a motion to dismiss Plaintiff's amended complaint, once it is duly filed and served. In addition, to the extent the federal government's letter submission of August 7, 2007 may be construed as a motion to dismiss any claims against it that may have been suggested by Plaintiff's original pleading, I further recommend that it be denied as well, without prejudice to renew should the amended complaint assert any claims against the United States.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Jed S. Rakoff, United States Courthouse, 500 Pearl Street, Room 1340, New York, New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, Room 525, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Rakoff. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298, 300

---

[2] "The Second Circuit has consistently held that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is not a 'responsive pleading' under Fed. R. Civ. P. 15(a)." *Reade-Alvarez v. Elman, Eltman & Cooper, P.C.*, No. 04 Civ. 2195 (ILG), 2004 U.S. Dist. LEXIS 26353, at *2-3 (E.D.N.Y. Nov. 12, 2004) (citations omitted).

(2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988); *McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
       March 24, 2008

RESPECTFULLY SUBMITTED,

*/s/ Debra Freeman*
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

Hon. Jed S. Rakoff, U.S.D.J

Mr. Jerry Frith
(# 53517-054)
Federal Correctional Institution-Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Mary M. O'Sullivan, Esq.
New York City Law Department
Office of the Corporation Counsel
100 Church Street
New York, NY 10007

Steven D. Feldman, Esq.
Assistant United States Attorney
One St. Andrew's Plaza
New York, New York 10007